UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ x

CARL JOHNSON,                                  :

       Plaintiff,                            :        ORDER

       -against-                            :        17 Civ. 8620 (NSR) (LMS)

KYLE REED, et al.,                              :

       Defendants.                           :

------------------------------------------------------------x

    Defendants have submitted certain documents relating to civilian complaints made against the Police Officer Defendants for *in camera* review.  I ruled on August 3, 2020, that certain documents were to be produced to Plaintiff, and that other documents would not be required to be produced.  I also directed Defendants' counsel to produce certain pages missing from three of those reports, the ones made by Rosado, Bruen and Ronne.  Counsel was able to produce the missing page from the Bruen and Ronne complaints[1] and review by the Court leads to the conclusion that they do not need to be produced to Plaintiff.  However, counsel has been unable to locate the missing page from the Rosado complaint.  Although requiring Defendants to produce the documents in question will open the door to likely irrelevant inquiry by Plaintiff, I cannot ignore the absence of complete production to the Court.  Either the Police Department or counsel have apparently lost the page or pages between the front "Intra Agency Memo" dated

---

[1] The Court expresses concern that counsel submitted incomplete records to the Court for the Court's review in the first instance.  It may be that counsel simply delegated responsibility to gather the records and never looked at them before having them provided to the Court.  Whatever actually happened was sloppy, at best, and potentially sanctionable, at worst, if the Court found that the omission was intentional.  In this instance I do not find it to have been intentional, but if it was the result of sloppy work, then counsel should take pains in future to make sure that the error is not repeated when submitting documents to the Court for *in camera* review.

December 4, 2012, and the signature page. The pages are not numbered, so the Court cannot know how many pages are missing. Numerous documents are attached to the Memo as exhibits, and those documents appear to be complete. Nevertheless, without the complete "Intra Agency Memo" the Court is unable to complete its *in camera* review sufficiently to conclude that the document should not be produced in discovery. This information, in theory, may be relevant to the credibility of Officer Reed, a Defendant in the case. Because those responsible for preparing and maintaining files[2], including files containing civilian complaints, failed to do their job in this case, I am requiring the entire document to be produced to Plaintiff, including the exhibits. Names other than "PO Reed" or "PO Kyle Reed" or "Mr. Rosado" or "M.[redact remainder of first name] Rosado," also spelled "Rosdao," are to be redacted; addresses, dates of birth, and phone numbers are to be redacted. The redacted documents are to be produced to Plaintiff within 14 days of the date of entry of this Order.

       This constitutes the Decision and Order of the Court.

Dated: September 29, 2020
       White Plains, New York

                                      **SO ORDERED**

                                      */s/ Lisa Margaret Smith*
                                      _____
                                      Lisa Margaret Smith
                                      United States Magistrate Judge
                                      Southern District of New York

---

[2] The failure is particularly egregious because a police department has responsibility to safeguard and properly store evidence; it is hoped that evidence of criminal activity is handled with more care than was this civilian complaint.