UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------X
Johnson,

                              Plaintiff,                      **ORDER**

            -against-                          17 Civ. 8620 (NSR)(AEK)

Reed, et al.,

                             Defendants.
---------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**

This case was referred to the Honorable Lisa Margaret Smith for general pretrial supervision on April 13, 2020.  ECF No. 39.  The referral was reassigned to the undersigned on October 15, 2020.

In the nearly six months during which Judge Smith presided over discovery in this matter, Magistrate Judge Smith held multiple telephone status conferences and ruled on several issues:

(1) On May 5, 2020, Judge Smith ordered the Defendants to provide certain employment evaluations and disciplinary records for Officers Reed and Thornton to the Court for *in camera* review.  At a conference on August 3, 2020, *see* Minute Entry dated 8/3/20, and in an order dated September 29, 2020, *see* ECF No. 52, Judge Smith ordered the production of certain of the records that had been submitted for *in camera* review.[1]

(2) In the Minute Entry for the August 3, 2020 conference, Judge Smith directed counsel for Defendants to "send an affidavit to Plaintiff affirming that the insurance policy reflected on the face sheet was in effect at the time of the incidents underlying Plaintiff's

---

[1] Counsel for Defendants confirmed for the Court that Defendants complied with these disclosure orders by mailing copies of the records to Plaintiff on October 16, 2020.

complaint."  Counsel for Defendants complied with this order by preparing an affidavit, dated August 26, 2020, which attached copies of the Travelers Insurance Company face sheets for the years 2016 and 2017.  *See* ECF Nos. 50, 50-1.  Counsel represented in this sworn affidavit that "[t]hese documents, together with the current Travelers' face sheet as well as the relevant indemnification provisions of the Middletown City Code previously sent to Plaintiff via letter dated July 14, 2020, constitute the full insurance/indemnification coverage afforded to the Middletown Defendants in connection with the claims made by Plaintiff in this matter."  ECF No. 50.  Defendants served these documents on Plaintiff by mail.  *See* ECF No. 51.

(3)     Judge Smith also ordered Plaintiff to produce to Defendants "[a]ll written statements in [Plaintiff's] possession from witnesses to the subject incident on October 10, 2016," excluding any documents provided to Plaintiff by counsel for Defendants or documents attached to papers submitted to the Court by counsel for Defendants; and "[a]ll written statements in [Plaintiff's] possession notarized or witnessed by Parole Officer Marie Tannura."  *See* ECF No. 49.  Plaintiff was required to produce these documents within 30 days of the receipt of Judge Smith's August 25, 2020 order.  *Id.*  Judge Smith specified that "failure to comply with [the August 25, 2020] Order shall preclude Plaintiff from using any of the above-specified documents in support of his claims in motion practice or at trial in this matter."  In a submission dated October 27, 2020 and received by the Court on November 2, 2020, *see* ECF No. 53, Plaintiff stated that he did not "have the means to keep sending copies," and that he has "the Original copies," but did not currently "have access to the file."

(4)     According to Plaintiff, Judge Smith also denied Plaintiff's request for the Court to procure copies of transcripts of Plaintiff's prior criminal proceedings in Middletown City Court.  *See* ECF No. 58 at 2 ("I requested from the prior magistrate and [defense counsel] specific things

example the 'transcript record' of the proceedings in which I attached to my Complaint the Release Orders by Hon. Steven W. Brockett, in the Middletown City Court….") and 3 ("This why I requested the transcript record of the proceeding which prior magistrate stated she would not get as well as other request and command documents."); *see also* ECF No. 53.[2]

A telephonic status conference originally was scheduled before the undersigned for December 17, 2020.  ECF No. 55.  The conference was rescheduled twice at the request of counsel for Defendants—first to a different time on December 17, 2020 (ECF No. 57), and then to January 4, 2021 (ECF No. 62).  A telephonic status conference was held on Monday, January 4, 2021.  The *pro se* Plaintiff and counsel for the Defendants were present for the beginning of the conference.

Plaintiff raised two discovery issues in a letter dated December 3, 2020, which was received and docketed on December 9, 2020.  ECF No. 58.  Both of these issues—regarding relevant insurance information for the Defendants[3] and the transcript of Plaintiff's prior criminal proceedings before the Middletown City Court—had been addressed in prior rulings by Judge Smith.  Nevertheless, the Court revisited these issues at the January 4, 2021 conference.

At the January 4, 2021 conference, Plaintiff argued that the insurance information he received from Defendants was insufficient, incomplete, and did not cover the entire relevant time period, despite Defendants' counsel's prior sworn representation, *see* ECF No. 50, and further

---

[2] During the January 4, 2021 telephonic status conference, counsel for Defendants confirmed that Judge Smith had addressed this request at a prior conference.

[3] In his letter, Plaintiff specified that he was seeking the "Public Hazard Bonding of Corporate Agents," and asserted that "[a]ll officials are required by state, federal, and municipal law to provide the name, address, and telephone number of their public hazard and malpractice bonding company and the policy number of the bond and, if required, a copy of the policy describing the bonding coverage of their specific job performance."  ECF No. 58 at 1; *see also* ECF No. 54 at 2.

consistent representations during the conference.[4]  Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure obligates defendants to provide for inspection any copying "any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment." As explained during the conference, Defendants' production of the Travelers Insurance Company face sheets for the years 2016 and 2017[5] satisfies Defendants' Rule 26(a)(1)(A)(iv) obligations, and Defendants have represented that there are no insurance policy documents that describe the "specific job performance" of the individual defendants in this matter.  Accordingly, Defendants have satisfied their obligations to respond to Plaintiff's demand for insurance information.

With respect to Plaintiff's request for a "transcript record" of his proceedings in Middletown City Court, Plaintiff explained that he believed his criminal defense attorney in that matter would have copies of these documents, but that he had been unable to get in touch with him, and that his ability to get these documents himself was limited due to his incarceration. Counsel for Defendants confirmed that Defendants did not have copies of these transcripts in their possession, and the Court explained that, as Judge Smith previously ruled, neither the Court nor Defendants' counsel was responsible for obtaining these documents for Plaintiff.  At this

---

[4] During the conference, Plaintiff repeatedly requested that the Court "read documents into the record," including the Travelers Insurance Company face sheets and Plaintiff's letters to the Court.  These requests were denied; among other reasons, all of the documents Plaintiff sought to have read into the record are already on the docket and part of the public record in this case.

[5] These documents cover the period from 12/31/15 to 12/31/16, *see* ECF No. 50-1 at 1-2, and the period from 12/31/16 to 12/31/17, *see* ECF No. 50-1 at 3-4.

point in the conference, Plaintiff announced he was hanging up the phone, did so, and did not rejoin the conference.[6]

The Court proceeded to ask counsel for Defendants if there were any other issues to be addressed from Defendants' perspective. Counsel reported that Plaintiff had not complied with Judge Smith's August 25, 2020 order requiring him to produce certain documents to Defendants within 30 days. ECF No. 49. The Court has reviewed Plaintiff's October 27, 2020 submission (docketed on November 2, 2020), ECF No. 53, and finds it to be an unsatisfactory response to the outstanding discovery demands that were the subject of the August 25, 2020 order. Nevertheless, because of the logistical challenges identified by Plaintiff, this Court will temporarily defer imposition of the preclusion sanction ordered by Judge Smith to give Plaintiff a final opportunity to produce any responsive documents that may be in his possession, custody, or control. On or before **Friday, February 26, 2021,** Plaintiff must produce to counsel for Defendants any documents that are responsive to the requests specified in the August 25, 2020 order. As Judge Smith previously ordered, if Plaintiff does not comply with this order to produce responsive documents, Plaintiff shall be precluded from using any of these documents in support of his claims in this lawsuit.

\* \* \* \* \* \* \* \* \* \*

The Civil Case Discovery Plan and Scheduling Order entered on April 13, 2020 remains the operative discovery schedule in this case. *See* ECF No. 38. That schedule set December 1, 2020 as the deadline for the completion of all discovery, and neither party has requested an extension of that deadline. Accordingly, the discovery phase of this matter is complete, with the

---

[6] The August 3, 2020 Minute Entry indicates that Plaintiff did something similar during the August 3, 2020 telephonic status conference before Judge Smith ("Pro Se Plaintiff disconnected from the teleconference before the conference was over and did not reconnect.").

5

exception of Plaintiff's February 26, 2021 document production deadline; as a result, no further proceedings are scheduled before the undersigned. The parties are reminded that they are scheduled for a telephonic status conference with the Honorable Nelson S. Román on January 27, 2021 at 2:00 p.m. *See* ECF No. 59.

The Clerk of the Court is directed to mail a copy of this Order to the *pro se* Plaintiff.

Dated: January 14, 2021
White Plains, New York

**SO ORDERED.**

_____
ANDREW E. KRAUSE
United States Magistrate Judge