UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
CARL JOHNSON,

                       Plaintiff,                    **DECISION AND ORDER**

      -against-                              17-cv-8620 (NSR)(AEK)

KYLE REED, *et al.*,

                       Defendants.
-------------------------------------------------------------X

**THE HONORABLE ANDREW E. KRAUSE, U.S.M.J.**[1]

     Currently pending before the Court are Defendants' motion to preclude Plaintiff from using certain documents in support of Plaintiff's claims in this suit, *see* ECF No. 69, and Plaintiff's motion to "strike and/or impeach" Defendant Officer Alexander Thornton "from further testimony for perjury," *see* ECF No. 74. For the reasons that follow, Defendants' motion to preclude is GRANTED, and Plaintiff's motion to strike and/or impeach is DENIED. Additionally, to address a matter that has been the source of some confusion in recent filings on the docket, *see* ECF Nos. 67, 68, 76, 79, the Court finds that Plaintiff's Amended Complaint (ECF No. 43), which was filed on May 26, 2020, is the operative complaint in this matter.

## BACKGROUND

     On January 14, 2021, the Court entered an order addressing discovery issues that had been discussed at a telephonic status conference on January 4, 2021. *See* ECF No. 63. First, addressing Plaintiff's contention that the insurance information he received from Defendants was

---

[1] This case was referred to Magistrate Judge Lisa Margaret Smith for general pretrial supervision on April 13, 2020. ECF No. 39. The referral was reassigned to the undersigned on October 15, 2020.

insufficient and incomplete, the Court held that Defendants had satisfied their obligations under Rule 26(a)(1)(A)(iv) of the Federal Rules of Civil Procedure when they provided Plaintiff with Travelers Insurance Company face sheets for the years 2016 and 2017. *Id.* at 4. Second, the Court gave Plaintiff until February 26, 2021 to produce to Defendants any documents that were responsive to the requests specified in the August 25, 2020 order issued by Magistrate Judge Smith, *see* ECF No. 49, or face being precluded from using any such documents in support of his claims, *id.* at 4. Third and finally, the Court stated that with the exception of Plaintiff's February 26, 2021 document production deadline, "the discovery phase of this matter is complete." *Id.* at 5-6.

On February 3, 2021, Plaintiff filed three documents: an "Opposition to Declaration(s)," *see* ECF No. 64; a "Verified Supporting Affidavit to Amended/Supplemented Civil Rights Act, 42 U.S.C. § 1983 Complaint," *see* ECF No. 65; and an "Averment of Jurisdiction," *see* ECF No. 66. At a status conference before Judge Román on April 23, 2021, Defendants advised the Court that Plaintiff had failed to produce documents in accordance with the January 14, 2021 order, and Judge Román directed Defendants to write a letter to the undersigned if they intended to file any motions. *See* Minute Entry, dated April 23, 2021. On May 10, 2021, Defendants filed a letter stating that they "d[id] not see the necessity of motion practice before [Magistrate] Judge Krause," and noted that Plaintiff had filed "what looks like an Amended Complaint" at ECF No. 65. ECF No. 67 at 1; *see also* at ECF No. 68 at 1. Defendants also requested guidance from Judge Román regarding whether they could file a summary judgment motion. ECF No. 67 at 1-2. On May 25, 2021, Defendants filed a letter motion to preclude Plaintiff from using the documents specified in Magistrate Judge Smith's August 25, 2020 order to support his claims.

2

*See* ECF No. 69.  The undersigned authorized Plaintiff to file an opposition to this order by June 15, 2021.  ECF No. 70.

On June 4, 2021, Plaintiff filed a letter "pursuant to [Defendants'] May 10, 2021 letter." ECF No. 71.  In this letter Plaintiff asserted, once again, that the 2016 and 2017 Travelers Insurance Company face sheets were not sufficient, despite the Court's ruling on January 14, 2021 that Defendants had fulfilled their obligation to provide Plaintiff with insurance agreements.  *Id.* at 3-4.  Plaintiff also listed a number of documents he claimed to have sent to Alex Smith, Esq. ("Defendants' Counsel").  *Id.* at 5.  Finally, Plaintiff "request[ed] guidance for the Impeachment of Officer Thorton [*sic*], and the disallowment [*sic*] of [the] summary judgment motion."  *Id.* at 6.

Plaintiff separately filed his opposition to Defendants' letter motion for preclusion on June 8, 2021, asserting that due to office closures during COVID-19 and his incarcerated status, he was unable to obtain documents necessary for his case.  *See* ECF No. 72.  On June 21, 2021, Plaintiff also filed another letter, which he styled as a "letter-motion to the ordered discovery disputed," that appears to be a compilation of allegedly inconsistent and perjurious statements made by witnesses and officers during his criminal case.  ECF No. 73.

On July 6, 2021, Plaintiff filed a letter motion to "Strike and/or Impeach Defendant Alexander Thorton [*sic*] from further testimony for perjury."  ECF No. 74.  Plaintiff asserts in his motion that Officer Thornton committed perjury when, in response to Plaintiff's interrogatory number 11, Officer Thornton responded that he "never testified in any criminal proceeding in this case."  *Id.* at 1.  According to Plaintiff, this interrogatory response is untruthful because Officer Thornton did, in fact, testify at Plaintiff's criminal trial in Middletown City Court in 2017.  *Id.* at 1-2.  To support his argument, Plaintiff attached a transcript of the April 17, 2017

3

trial, *see id.* at 5-20, as well as progress notes from the investigation of his criminal case, *see id.* at 21-35.[2]

On July 12, 2021, Defendants requested permission from Judge Román to file a motion for summary judgment. ECF No. 76. Judge Román denied Defendants' application without prejudice, citing, among other things, the need for resolution of Defendants' pending motion for preclusion and Plaintiff's pending motion to strike. ECF No. 78 at 1-2. Judge Román also stated that "[t]he Court likewise cannot entertain a motion for summary judgment when the parties are not even sure which complaint is the operative complaint," referring to Defendants' question in their May 7, 2021 letter. *Id.* at 1.

Defendants next filed a letter on July 26, 2021, which Defendants' Counsel described as an "effort to resolve the issues" Judge Román had identified. ECF No. 79. Defendants' Counsel explained that, as previously set forth in Defendants' July 12, 2021 letter, and in accordance with an earlier request from Judge Román, counsel had attempted to contact Marie Tannura, a New York State parole officer who is named as a defendant in the Amended Complaint (ECF No. 43).[3] *See* ECF Nos. 76, 79. The purpose of this outreach was to try to obtain a copy of a statement allegedly in the possession of Officer Tannura that Plaintiff hoped to use as part of his

---

[2] Because the investigation progress notes had been previously designated as "Confidential" and contained sensitive information, the ECF version of this document notes that these pages are "redacted," and a complete, unredacted version of this filing was placed under seal. *See* ECF No. 74 at 21-35 ("redacted" pages); ECF No. 75 (noting that a sealed document was placed in the vault at the courthouse on July 8, 2021). The Court has reviewed the unredacted copy of the materials referenced at ECF No. 75.

[3] While Officer Tannura is named as a defendant in the Amended Complaint, *see* ECF No. 43, there is no indication on the docket that Plaintiff ever served the Amended Complaint on Officer Tannura or made any effort to do so. The deadline to serve Officer Tannura—August 24, 2020—has long since expired. *See* Fed. R. Civ. P. 4(m) (requiring service of a complaint within 90 days after the complaint is filed).

4

case. *See id.* This alleged statement has not been produced by Plaintiff, and is one of the items at issue in Defendants' preclusion motion. *See id.*; *see also* ECF No. 69 at 1. Upon calling Officer Tannura's office, however, Defendants' Counsel was told that Officer Tannura had retired, and was directed to contact "Counsel's Office in Albany."[4] According to Defendants' Counsel, he was told by DOCCS counsel that DOCCS counsel would contact the Peekskill Parole Office to see if any such document could be located, and that someone from the Peekskill Parole Office would then contact Defendants' Counsel. *See* ECF No. 79 at 2. As of July 26, 2021, Defendants' Counsel had not received any contact "from any Parole office." *Id.*

As part of the July 26, 2021 letter, Defendants also opposed Plaintiff's "motion to strike and/or impeach," asserting that Plaintiff had not received permission to make the motion, and that the filing did not comply with the Local Civil Rules of the Southern and Eastern Districts of New York because it did not clearly state the relief sought or contain appropriate citations to authority. *Id.* at 2. Defendants also asserted that Plaintiff was not prejudiced by Officer Thornton's erroneous interrogatory response. Defendants' Counsel reiterated that Defendants would consent to Plaintiff's use of the April 17, 2017 trial transcript, including Officer Thornton's testimony, for any legitimate purpose, including impeachment at trial. *Id.* at 3.

Finally, in response to Judge Román's request for clarification regarding the operative complaint, Defendants asserted that they were requesting guidance regarding Plaintiff's February 3, 2021 "Verified Supporting Affidavit," *see* ECF No. 65, as it was unclear whether Plaintiff

---

[4] Though it is not entirely clear from Defendants' Counsel's letter, the Court interprets this to mean that Defendants' Counsel was instructed to contact Counsel's Office for the New York State Department of Corrections and Community Supervision ("DOCCS"). The New York State Division of Parole merged with the New York State Department of Corrections to form DOCCS in 2011. *See* "History of Parole," *available at* https://doccs.ny.gov/about-board#:~:text=As%20a%20result%20of%20this,B%20of%20the%20Executive%20Law (last visited March 22, 2022).

intended to amend the prior Amended Complaint (ECF No. 43), and Defendants were unsure which complaint should be the subject of their summary judgment motion. *Id.* at 3-4.

## DISCUSSION

The Court will address the three outstanding issues in this case—Defendants' motion to preclude, Plaintiff's "motion to strike and/or impeach," and the question of the operative complaint—in turn.

### I.     Defendants' Motion to Preclude

Defendants' motion to preclude Plaintiff from using (i) any purported written statements from witnesses to the subject incident on October 10, 2016 that are not already in the possession of Defendants' Counsel as of the date of this Decision and Order, and (ii) any purported written statements notarized or witnessed by Parole Officer Tannura that are not already in the possession of Defendants' Counsel as of the date of this Decision and Order, is GRANTED.

"Pursuant to Federal Rule of Civil Procedure 37(b)(2)(A), a court may sanction a party for failing to comply with a court order by, *inter alia*, precluding certain evidence or dismissing claims." *Max Impact, LLC v. Sherwood Grp., Inc.*, No. 09-cv-902 (JGK) (HBP), 2014 WL 902649, at *5 (S.D.N.Y. Mar. 7, 2014); *see Roadway Exp. Inc. v. Piper*, 447 U.S. 752, 763 (1980) (A district court "may bar the disobedient party from introducing certain evidence" for failure to comply with discovery orders). "Where, as here, the nature of the alleged breach of a discovery obligation is the non-production of evidence, a district court has broad discretion in fashioning an appropriate sanction . . . ." *Residential Funding Corp. v. DeGeorge Fin. Corp.*, 306 F.3d 99, 106 (2d Cir. 2002). "Factors courts may consider in exercising their discretion to impose sanctions include '(1) the willfulness of the non-compliant party or the reason for their noncompliance; (2) the efficacy of lesser sanctions; (3) the duration of the period of

noncompliance, and (4) whether the non-compliant party had been warned of the consequences of noncompliance.'" *Williams v. Nat'l R.R. Passenger Corp. (Amtrak)*, No. 18-cv-7070 (DLC), 2019 WL 3423267, at *3 (S.D.N.Y. July 30, 2019) (quoting *S. New England Tel. Co. v. Glob. NAPs Inc.*, 624 F.3d 123, 144 (2d Cir. 2010)).

Plaintiff was instructed by Magistrate Judge Smith on August 25, 2020 to produce the documents that are the subject of this preclusion motion to Defendants within 30 days. *See* ECF No. 49. In a submission dated October 27, 2020 and received by the Court on November 2, 2020, Plaintiff informed the Court that he did not "have the means to keep sending copies," and that he has "the Original copies," but did not "have access to the file." ECF No. 53. In the January 14, 2021 order, the Court found Plaintiff's October 27, 2020 submission to be an unsatisfactory response to the outstanding discovery demands, but nonetheless gave Plaintiff a final opportunity to produce any responsive documents in his possession by February 26, 2021. ECF No. 63. On May 25, 2021, Defendants informed the Court that Plaintiff had failed to produce the documents. ECF No. 69.

Plaintiff did not fulfill his discovery obligations and ignored multiple orders from the Court, despite receiving ample time to produce the documents at issue. Accordingly, Plaintiff may not rely on these purported documents as this case progresses. While the Court is not insensitive to the challenges faced by incarcerated *pro se* litigants, particularly during the COVID-19 pandemic, "[a]ll litigants, including *pro ses*, have an obligation to comply with court orders." *Agiwal v. Mid Island Mortg. Corp.*, 555 F.3d 298, 302 (2d Cir. 2009). In addition, based on Plaintiff's July 27, 2021 change of address letter, it appears that Plaintiff has been out of custody for approximately eight months, *see* ECF No. 80, yet there is still no indication that the documents at issue in the preclusion motion have been produced. Plaintiff was warned on

multiple occasions that he would be precluded from using these documents if he failed to produce them by the deadlines set by the Court. *See* ECF No. 49 ("[F]ailure to comply with this order shall preclude Plaintiff from using any of the above-specified documents in support of his claims in motion practice or at trial in this matter."); ECF No. 63 ("[I]f Plaintiff does not comply with this order to produce responsive documents, Plaintiff shall be precluded from using any of these documents in support of his claims in this lawsuit."). "No sanction should be imposed without giving the disobedient party notice of the particular sanction sought and an opportunity to be heard in opposition to its imposition," *see S.E.C. v. Razmilovic*, 738 F.3d 14, 25 (2d Cir. 2013), but if "there is a clearly articulated order of the court requiring specified discovery," the Court has the authority to impose Rule 37(b) sanctions for noncompliance with that order, *Daval Steel Products v. M/V Fakredine*, 951 F.2d 1357, 1363 (2d Cir. 1991); *Kargo Global, Inc. v. Advance Magazine Publishers, Inc.*, No. 06-cv-550 (JFK), 2007 WL 2258688, at *13 (S.D.N.Y. Aug. 6, 2007). Plaintiff received multiple notices of the potential consequences of noncompliance with the court orders regarding production of these documents, and multiple additional extensions of time to produce the purported documents. Yet to this date, more than 18 months after Magistrate Judge Smith's original order to produce the documents and her accompanying warning about potential preclusion, Plaintiff still has not produced the documents. It is this Court's considered judgment that no sanction short of preclusion would suffice to address Plaintiff's willful failure to comply with his discovery obligations. For all of these reasons, preclusion is an appropriate remedy for Plaintiff's failure to follow multiple discovery orders of the Court.

II.     **Plaintiff's "Motion to Strike and/or Impeach"**

Plaintiff's motion to "strike and/or impeach" Officer Thornton for his response to Plaintiff's interrogatory is DENIED.  The Court is mindful that "[p]ro se filings in particular are read liberally and interpreted to raise the strongest arguments that they suggest." *Wen Liu v. Mount Sinai Sch. of Med.*, No. 09-cv-9663 (RJS), 2012 WL 4561003, at *3 (S.D.N.Y. Sept. 24, 2012).  It is not clear exactly what Plaintiff seeks to accomplish with his "motion to strike or impeach" Officer Thornton based on his alleged "perjury" during discovery.  ECF No. 74 at 1.  Nevertheless, construing Plaintiff's motion liberally, the Court finds that Plaintiff's motion can be interpreted as a request to (i) preclude Defendants from using this interrogatory response at any future proceeding in this matter; or (ii) preclude Officer Thornton from offering testimony in this proceeding in the form of a declaration at summary judgment or testimony at trial.

Pursuant to Rule 26(e)(1) of the Federal Rules of Civil Procedure, a party who has responded to an interrogatory must supplement or correct its response "in a timely manner if the party learns that in some material respect the disclosure or response is incomplete or incorrect . . . ."  Rule 37(c)(1) of the Federal Rules of Civil Procedure provides that a party that fails to provide information as required by Rule 26(e) will be precluded from using that information at trial, "unless the failure was substantially justified or is harmless."  A Rule 26(e) violation is harmless if there is no prejudice to the opposing party.  *Dardha v. Costco Wholesale Corp.*, No. 17-cv-2571 (NSR), 2019 WL 357930, at *3 (S.D.N.Y. Jan. 29, 2019).  That is the case here.

Plaintiff has demonstrated that Officer Thornton's response to interrogatory number 11 was inaccurate—the April 17, 2017 transcript from Plaintiff's criminal trial shows that Officer Thornton did testify at that proceeding.  *See* ECF No. 74.  While Defendants have not formally supplemented or corrected the response to this interrogatory, Defendants' Counsel has conceded

in a filing with the Court that Officer Thornton was "mistaken" in his interrogatory response, and has admitted that Officer Thornton testified at the 2017 criminal trial in Middletown City Court. *See* ECF No. 79 at 3-4.  There is no need to preclude Defendants from offering the original interrogatory response in support of their case, as Defendants plainly would not be permitted to rely on an interrogatory response that they admit was not accurate, nor would there be any reason for them to do so.  Moreover, Officer Thornton's inaccurate interrogatory response did not prejudice Plaintiff here.  The purpose of Rule 26(e), and sanctions under Rule 37(c)(1), is to "avoid surprise or trial by ambush."  *Am. Stock Exchange, LLC v. Mopex, Inc.*, 215 F.R.D. 87, 93 (S.D.N.Y. 2002) (quotation marks omitted).  As Plaintiff was aware that the interrogatory response was incorrect, he cannot argue that this response would constitute a surprise or an ambush at a later point in the litigation.  *See Dardha*, 2019 WL 357930, at *4 (defendant not prejudiced by plaintiff's failure to timely supplement interrogatory with name of employee who had actual notice of spill, because plaintiff had previously testified in deposition that employee had actual notice); *Jamison v. Cavada*, No. 17-cv-1764, (LTS) (SDA), 2018 WL 4691658, at *2 (S.D.N.Y. Sept. 12, 2018) (defendant's failure to disclose name of witness in interrogatory responses was harmless, as witness's name was identified in document previously produced to plaintiff).  In light of all of these circumstances, preclusion of the use of the admittedly inaccurate interrogatory response is simply unnecessary as a sanction here.

       The Court also declines to preclude Officer Thornton from testifying in this matter based on the inaccurate interrogatory response.  Again, Plaintiff has not been prejudiced by the inaccuracy—he was able to access and review Officer Thornton's testimony from the prior criminal proceeding, and therefore cannot argue that he was deterred from exploring a potentially relevant line of discovery on the basis of the inaccurate discovery response.  *See Angioletti v.*

*Chao*, 720 F. App'x 41, 44 n. 2 (2d Cir. 2017) (summary order) (declining to preclude witnesses from testifying at trial because movant "did not articulate any prejudice" from non-movant's failure to timely disclose witnesses); *Weiping Liu v. Indium Corp. of America*, No. 16-cv-1080 (BKS/TWD), 2019 WL 6310977, at *5 (N.D.N.Y. Nov. 25, 2019) (refusing to preclude witness's testimony at trial on the grounds that "the prejudice is minimal and preclusion would be too harsh a remedy."). And to the extent permitted by Judge Román, Plaintiff will be able to make use of the inaccurate interrogatory response to cast doubt on the credibility of any future statements or testimony offered by Officer Thornton in this case. Indeed, this is the essence of "impeachment"—the process of introducing evidence that suggests to the finder of fact that the witness should not be believed. Plaintiff will be able to pursue the impeachment of Officer Thornton at an appropriate time to the extent he attempts to offer testimony later in the proceedings.

### III.   The Operative Complaint

Plaintiff's "Verified Supporting Affidavit," *see* ECF No. 65, cannot be considered the operative complaint in this proceeding. First, it is unclear whether Plaintiff intended this submission to serve as an amended complaint at all; while the document does enumerate the factual background of the case, as well as ten purported causes of action, the title of the submission suggests that it may have been intended to be a supplement to the Amended Complaint filed on May 26, 2020, rather than a further amended version of that complaint. Second, and more importantly, even if Plaintiff did intend the "Verified Supporting Affidavit" to be a second amended complaint, Plaintiff failed to serve and file it in a timely manner. The deadline for filing amended pleadings in Judge Román's April 13, 2020 Civil Case Discovery Plan and Scheduling Order was July 1, 2020, a full seven months prior to the filing of the

"Verified Supporting Affidavit." ECF No. 38. Moreover, Plaintiff did not comply with the requirements of Rule 15(a)(2) of the Federal Rules of Civil Procedure for filing a further amended complaint—he never sought written consent from Defendants, nor did he seek leave from the Court. Defendants report that at the parties' conference with Judge Román on January 27, 2021, Plaintiff "stated that he wanted to amend his Complaint to bring in a New York State parole officer," but neither the "Verified Supporting Affidavit" nor any filing thereafter addresses this potential addition. ECF No. 68 at 1. Further, it is not clear why a second amended complaint even would be necessary to implead a New York State Parole officer—the mention of a parole officer seems to be a reference to Officer Tannura, who is already named as a defendant in the Amended Complaint that Plaintiff filed in May 2020. Thus, as Plaintiff did not take any proper steps to formally submit a second amended complaint, and since the time for doing so has long since passed, Plaintiff's February 3, 2021 "Verified Supporting Affidavit" should not be treated as a second amended complaint in this matter.

Plaintiff did file an Amended Complaint on May 26, 2020, and it is clear from the docket that Defendants were aware of this filing. The Minute Entry for the May 5, 2020 status conference before Magistrate Judge Smith notes that Plaintiff was required to "send a copy of the amended complaint to Defendants' Counsel as soon as possible." *See* Minute Entry, dated May 5, 2020. The Amended Complaint was filed via the Court's ECF system three weeks later, on May 26, 2020, and the notice of electronic filing for this document indicates that it was electronically delivered to Defendants' Counsel. *See* ECF No. 43. Defendants' Counsel has made clear that he is not raising any issue with respect to the service of the complaint, and indeed specifically indicated that he accepts service on behalf of Defendants Reed and Thornton.

*See* ECF No. 79 at 4.  Accordingly, the Amended Complaint at ECF No. 43 is the operative complaint in this matter.

Based on the Court's review of the docket, Defendants Reed, Thornton, and the City of Middletown, New York—all of whom are represented by Defendants' Counsel—have not answered the Amended Complaint.  Accordingly, Defendants Reed, Thornton, and the City of Middletown, New York are hereby directed to file and serve their answers to the Amended Complaint on or before April 13, 2022.

## CONCLUSION

For the foregoing reasons, Defendants' motion to preclude (ECF No. 69) is GRANTED, Plaintiff's "motion to strike/impeach" (ECF No. 74) is DENIED, and Plaintiff's Amended Complaint at ECF No. 43 is determined to be the operative complaint in this matter.  Defendants Reed, Thornton, and the City of Middletown, New York must file their answers to the Amended Complaint on or before April 13, 2022.

The Clerk of Court is respectfully directed to terminate the motions at ECF Nos. 69 and 74, and to mail a copy of this Decision and Order to the *pro se* Plaintiff.

Dated: March 23, 2022
       White Plains, New York

Respectfully submitted,

_____
ANDREW E. KRAUSE
United States Magistrate Judge