UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _2/8/2023____

---

CARL M. JOHNSON,

                                        Plaintiff,

        -against-

Officer KYLE REED, Shield #31207; Officer
THORTON, Shield #1479; Parole/Post Release
Supervisor Officer MARIE TANNURA;
THE CITY OF MIDDLETOWN, NEW YORK, in
their official and individual capacities,

                                        Defendants.

No. 17 Civ. 8620 (NSR)
OPINION & ORDER

---

NELSON S. ROMÁN, United States District Judge:

Plaintiff Carl Michael Johnson ("Plaintiff") commenced this *pro se* action, alleging (1) false arrest; (2) false imprisonment; and (3) violation of Plaintiff's First, Fourth, Fifth, and Fourteenth Amendment rights. Presently before the Court is Defendants Kyle Reed ("Defendant Reed"), Alexander Thornton ("Defendant Thornton"), and City of Middletown ("Defendant City") (collectively, "Defendants")'s motion for summary judgment pursuant to Fed. R. Civ. P. 56, seeking to dismiss Plaintiff's Amended Complaint ("AC," ECF No. 43).

For the followings reasons, Defendants' motion is GRANTED.

## FACTUAL BACKGROUND

### I.    Plaintiff's Allegations

Plaintiff alleges that Defendants Thornton and Reed arrested him on October 10, 2016, at which time Plaintiff was on "post release supervision". (AC at 3.) On October 14, 2016, Plaintiff was brought to court and charged with "five misdemeanors, one felony, and one violation." (*Id.*) Plaintiff avers that, following the arrest, he was retained in the Orange County Jail for seven

months, during which he was assaulted by inmates, lost a tooth, and got infections from the water in the shower. (*Id*.)

Plaintiff was subsequently informed by his attorney from Orange County Legal Aid that the case against him was dismissed with prejudice on the record. (*Id*.) Plaintiff alleges that, while parole records state that he was released to post-release supervision, he remained in custody for over thirty days "before release on a [sic] affirmative dismissal." (*Id*.) Plaintiff further alleges that, in the case against him, "police and victim(s) perjured statements and reports, and the alleged victim(s) did not come [sic] testify for revocation hearing nor at trial." (*Id*.)

## II.    Unopposed Summary Judgment Motion

On April 12, 2022, Defendants advised the Court by letter that all discovery issues had been resolved. (ECF No. 85.) On April 21, 2022, the Court waived pre-motion conference and granted Defendants leave to file a motion for summary judgment. (ECF No. 86.) Defendants were directed to serve the motion papers on May 23, 2022, and Plaintiff was directed to serve the opposition on June 22, 2022. (*Id*.) Defendants were directed to file all motion papers, including Plaintiff's papers on Defendants' reply date, July 7, 2022. (*Id*.) Plaintiff did not serve or file any opposition papers on or before June 22, 2022.

On July 7, 2022, Defendants filed the instant motion, which, to date, is unopposed by Plaintiff. (ECF Nos. 87-94.) The docket shows that a "Notice to *Pro Se* Litigants Re: Motion for Summary Judgment" ("Notice") were served upon Plaintiff on May 20, 2022. (ECF Nos. 95-96.) The Notice apprises Plaintiff of the consequences of failing to respond to a motion for summary judgment in accordance with Local Rule 56.2.[1]

---

[1] In the Second Circuit, a district court cannot grant a motion for summary judgment in a case involving a *pro se* litigant unless (1) the court apprises the *pro se* litigant of the consequences of failing to respond to the motion, *see Ruotolo v. IRS*, 28 F.3d 6, 8 (2d Cir. 1994); (2) an opposing party has already provided the *pro se* litigant with the requisite notice, *see Champion v. Artuz*, 76 F.3d 483, 486 (2d Cir. 1996); or (3) it is clear that the *pro*

### III.    Rule 56.1 Facts

The following facts are derived from Defendants' Rule 56.1 statement, accompanying affidavits, and public records attached as exhibits. (ECF Nos. 87-94.)

On October 10, 2016, Defendants Reed and Thornton responded to a domestic dispute report by Jennifer Bartholomew ("Ms. Bartholomew") at 103 Linden Avenue in the City of Middletown. (Reed Affidavit Exhibit C, ECF No. 90.) Ms. Bartholomew told Defendants Reed and Thornton that she was struck multiple times in the face by Plaintiff, who was her live-in boyfriend, with a closed fist. (*Id*.) Ms. Bartholomew further stated that her 6-year-old daughter, A.B., was also struck by Plaintiff. (*Id*.) Defendants Reed and Thornton arrested Plaintiff and transported Plaintiff, Ms. Bartholomew, and A.B. to the Middletown Police Station. (*Id*.) At the police station, Ms. Bartholomew provided more detailed information regarding the assault and signed the New York State Domestic Incident Report. ("DIR," Thornton Affidavit Exhibit D, ECF No. 91.) According to the DIR, A.B. was "slapped with an open hand on the right side of her face" and that Ms. Bartholomew called the police. (*Id*.) Defendant Reed reported that Ms. Bartholomew "showed redness, swelling and a small amount of blood to her mouth/nose area" and that A.B. "showed swelling and redness to the area she was struck and . . . complained of discomfort." (Reed Affidavit Exhibit C.)

---

se litigant understands "the nature and consequences of summary judgment," *see M.B. # 11072–054 v. Reish*, 119 F.3d 230, 232 (2d Cir. 1997). *See Vital v. Interfaith Medical Center*, 168 F.3d 615, 620–21 (2d Cir. 1999) (holding that the failure of the district court to apprise a *pro se* litigant of the consequences of failing to respond to a motion for summary judgment is a ground for reversal). To fulfill this duty, the United States District Courts for the Eastern and Southern Districts of New York adopted Local Rule 56.2 on September 23, 1999, which provides in relevant part that: "[a]ny represented party moving for summary judgment against a party proceeding *pro se* shall serve and file as a separate document, together with the papers in support of the motion, the following "Notice To Pro Se Litigant Who Opposes a Motion For Summary Judgment."

Both Ms. Bartholomew and A.B. were evaluated by Mobile Life Support Services at the Police Station. (*Id*.) The Mobile Life Patient Care Report for Ms. Bartholomew provides that Ms. Bartholomew had "soft tissue swelling/bruising . . . [and] slapping red mark" in the face, and that she stated that the injury was caused by "person who I live with assaulted me and threatened me." (Graziano Affidavit Exhibit E, ECF No. 92.) The Mobile Life Patient Care Report for A.B. provides that A.B. suffered "soft tissue swelling/bruising" in the face, red mark on right cheek, and that A.B. stated the injury was caused by "man he [sic] slapped me in the fact." (Graziano Affidavit Exhibit F, ECF No. 92.) Plaintiff was charged with (1) Assault in the Second Degree, a felony; (2) Assault in the Third Degree, a misdemeanor; and (3) Endangering the Welfare of a Child, a misdemeanor. (Reed Affidavit Exhibits C-D, ECF No. 91.)

Defendant Reed contacted the Orange County Child Protective Service hotline. (Reed Affidavit Exhibit C.) During the evening of October 10, 2016 and on October 11, 2016, Orange County Department of Social Services Child Protective Service ("CPS") caseworkers spoke with Ms. Bartholomew on the telephone regarding the incident involving A.B. (ECF No. 94-3.) According to the resulting CPS report, Ms. Bartholomew advised the caseworkers that Plaintiff "punched" her during an argument, and then "punched" A.B. in the face. (*Id*. at 3.) Ms. Bartholomew further reported that Plaintiff had physically abused her during the past year. (*Id*. at 3.) The CPS report includes pictures of A.B., which shows red mark on her right cheek. (*Id*. at 6-7.)

On October 14, 2016, a Temporary Order of Protection were issued against Plaintiff as to Ms. Bartholomew and A.B. by the Middletown City Court. (ECF No. 94-4.) A Superseding Prosecutor's Information by Orange County District Attorney's Office contains the same factual allegations. (ECF No. 94-7.) On or about March 1, 2017, Plaintiff's counsel filed an omnibus

motion, seeking to dismiss the charges. (ECF No. 94-9.) On April 12, 2017, the Middletown City Court Judge Steven Brockett issued a Decision and Order denying the motion to dismiss. (ECF No. 94-10.) Judge Brocket concluded that in the case against Plaintiff, "the allegations that an adult male slapped a six-year-old child in the face during the course of a violent domestic dispute with the child's mother sufficiently plead the crime of assault, 3d degree." (*Id*. at 2.)

On April 17, 2017, trial commenced. (ECF No. 94-11.) A jury was selected. (*Id*.) On the first day of trial, Defendant Thornton testified to the October 10, 2016 incident. (*Id*.) Defendant Thornton's testimony corroborated the record presently before this Court and was consistent with his affidavit. (Thornton Affidavit, ECF No. 91.) After Defendant Thornton testified, Judge Brockett recessed the trial for that day. (ECF No. 94-11.) On April 18, 2017, in open court, the prosecuting Assistant District Attorney ("ADA") reported to Judge Brockett that Ms. Bartholomew and A.B. were not present in the courthouse to testify, despite diligent efforts by the District Attorney's Office. (ECF No. 94-11, 12.) The ADA moved for an adjournment of the trial, which was denied. Judge Brockett observed, on the record, that "the People have been searching for [Ms. Bartholomew and A.B.] for some time . . ." and "[Plaintiff] has been incarcerated apparently as a result of this matter, and this matter alone, on a parole hold since the incident in October." (Transcript at 3-4, ECF No. 94-12.) "Because the People [were] actually unable to proceed at [that] point" against Plaintiff, Judge Brockett granted Plaintiff's application to dismiss the charges against him. (*Id*. at 4.) As jeopardy had attached at the time the first witness was called, the matter against Plaintiff was dismissed with prejudice. (*Id*. at 4.)

## LEGAL STANDARD

On a motion for summary judgment, "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of pointing to evidence in the record, "including depositions, documents . . . [and] affidavits or declarations," Fed. R. Civ. P. 56(c)(1)(A), "which it believes demonstrate[s] the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). The moving party may support an assertion that there is no genuine dispute by "showing . . . that [the] adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c) (1)(B). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 252 (1986). If the moving party fulfills its preliminary burden, the onus shifts to the nonmoving party to raise the existence of a genuine issue of material fact. Fed. R. Civ. P. 56(c)(1)(A); *Anderson*, 477 U.S. at 248.

When an adverse party does not respond to a motion for summary judgment, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e); *see also United States Liab. Ins. Co. v. P. Mahoney Contracting Corp.*, No. 95 CIV. 9108(MGC), 1998 WL 895750, *1 (S.D.N.Y. December 21, 1998) (even when summary judgment motion is unopposed, "judgment should not be granted in circumstances contrary to law"). "In an unopposed motion for summary judgment, plaintiff's recitation of the facts is assumed to be true." *Universal TV Distrib. Holdings LLC v. Walton*, No. 03 Civ. 9133(GBD), 2004 WL 2848528, at *2 (S.D.N.Y. Dec.9, 2004). "After giving notice and a reasonable time to respond, the court may consider summary judgment on its own after identifying for the parties material facts that may not be genuinely in dispute." Fed. R. Civ. P. 56(f)(3).

The court resolves all ambiguities and draws all permissible factual inferences in favor of the nonmoving party. *Patterson v. County of Oneida, NY,* 375 F.3d 206, 218 (2d Cir. 2004). If

there is any evidence in the record from which a reasonable inference could be drawn in favor of the opposing party on the issue on which summary judgment is sought, summary judgment is improper. *Security Ins. Co. of Hartford v. Old Dominion Freight Line Inc.,* 391 F.3d 77, 83 (2d Cir.2004).

## DISCUSSION

Defendants seek to dismiss this case by way of motion for summary judgment. Plaintiff did not oppose the motion. Because Plaintiff was afforded multiple notices and ample time to respond, the Court resolves this motion based on Plaintiff's pleadings and Defendants' submissions.

The Court liberally interprets *pro se* Plaintiff's papers to raise the strongest arguments suggested therein. *See Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994). A liberal construction of the AC indicates that Plaintiff asserts false arrest, false imprisonment, and violation of his First, Fourth, Fifth, and Fourteenth Amendment rights.

### I.    False Arrest and False Imprisonment

Federal courts look to state law when considering federal civil rights claims for false arrest and false imprisonment. *See Huang v. Johnson*, 251 F.3d 65, 75 (2d Cir. 2001). Under New York law, there is no distinction between false arrest and false imprisonment. *See Rhodes v. United States*, 519 F. App'x 703, 705 (2d Cir. 2013); *Liranzo v. United States*, 690 F.3d 78, 91 n. 13 (2d Cir. 2012). Probable cause is a complete defense to an action for false arrest brought under New York law, and "exists when the officers have . . . reasonably trustworthy information as to facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that an offense has been . . . committed by the person to be arrested." *Ackerson v. City of White Plains*, 702 F.3d 15, 19 (2d Cir.2012) (internal quotation marks omitted) (alterations in original). In

addition, "[t]he police need not be certain that the person arrested will be prosecuted successfully."

*Rhodes*, 519 F. App'x at 705 (citing *Krause v. Bennett,* 887 F.2d 362, 371 (2d Cir.1989)).

Here, Defendants Thornton and Reed had probable cause to arrest Plaintiff on October 10, 2016. Such probable cause was adequately established by Ms. Bartholomew's memorialized statements on the same day and the day after, as well as the injuries Defendants Thornton and Reed observed on Ms. Bartholomew and A.B.  The record—including the New York State Domestic Incident Report, the Mobile Life Patient Care Report, and the CPS report—substantiates a consistent account given by Ms. Bartholomew to Defendants Thornton and Reed on the day of the incident. The pictures of A.B. taken by CPS caseworkers the next day show facial injuries as observed and described by Defendants Thornton and Reed in their affidavits. As such, abundantly sufficient information was present to "warrant a person of reasonable caution in the belief that an offense has been committed by [Plaintiff]." *Panetta v. Crowley*, 460 F.3d 388, 395 (2d Cir. 2006) (internal citations and quotations omitted).

Because probable cause is a complete defense to false arrest and false imprisonment under New York law, there is no genuine issue to be tried with respect to these two claims.

## II.    First, Fourth, Fifth, and Fourteenth Amendments Violation

Plaintiff additionally asserts violation of his rights under the First, Fourth, Fifth, and Fourteenth Amendments based upon the same allegations as set forth by his false arrest and false imprisonment claims. Despite the liberal construction afforded Plaintiff due to his *pro se* status, however, Plaintiff's conclusory assertions are completely devoid of any factual support regarding his constitutional claims. Unsupported assertions cannot overcome a properly supported motion for summary judgment. *See Carey v. Crescenzi*, 923 F.2d 18, 21 (2d Cir. 1991) ("[I]n order to

avoid summary judgment, a party must do more than simply show that there is some metaphysical

doubt as to the material facts.")

Accordingly, the Court concludes that there is no genuine issue to be tried with respect to

Plaintiff's constitutional claims.

## CONCLUSION

For the foregoing reasons, the Court GRANTS Defendants' motion for summary judgment

in its entirety and dismisses this action with prejudice.

All of Plaintiff's claims are DISMISSED in accordance with this Opinion and Order. The

Clerk of Court is respectfully directed to terminate the motion at ECF No. 87, enter judgment in

favor of the Defendants, and close the case.

The Clerk of Court is further directed to mail a copy of the Opinion and Order to Plaintiff

and to show proof of service on the docket.

Dated: February 8, 2023
White Plains, NY

SO ORDERED:

HON. NELSON S. ROMAN
UNITED STATES DISTRICT JUDGE